CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
DEC 07 2011
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| THOMAS L. SWITZER,<br>    Plaintiff, | Civil Action No. 5:11-cv-00021 |
| v. | **MEMORANDUM OPINION** |
| TOWN OF STANLEY, <u>et al.</u>,<br>    Defendants. | By:  Hon. Michael F. Urbanski<br>       United States District Judge |

Thomas L. Switzer, proceeding <u>pro se</u>, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names as defendants the Town of Stanley ("Town"); its Mayor, Doug Purdham; Town police officers Brown and Dean; Mark Belton, the Page County Administrator; John Thomas, Sheriff of Page County; Page County Sheriff's Deputy Hammer; and the Page County Jail. The defendants filed motions to dismiss, and plaintiff responded, making the matter ripe for disposition. After reviewing the record, the court denies Dean's motion to dismiss but grants the other defendants' motions.

I.

A.    Facts about the October 26, 2009 Incident

On October 26, 2009, a state court entered a protective order that granted plaintiff's wife possession of the family home, granted her exclusive use of a family vehicle, and prohibited plaintiff from contacting her. On the same day, plaintiff left the house after an argument with his wife, he returned a short time later, and someone in the home called the police. Officer Brown soon arrived and told plaintiff that a protective order had been entered against him. Plaintiff denied knowing about the protective order because he had not yet been served with it. Brown detained plaintiff until Deputy Hammer arrived and served the protective order on plaintiff.

Officer Brown asked plaintiff whether he needed anything from the residence, and plaintiff said his cell phone was in the home. Officer Brown checked with the wife, who said

plaintiff's cell phone was not there. Officer Brown then ordered plaintiff to leave the property, but plaintiff refused. Officer Brown and Deputy Hammer told him several more times to leave, but plaintiff refused. Deputy Hammer consequently arrested plaintiff for violating the protective order, and plaintiff was ultimately convicted of violating the terms of the protective order. Petitioner unsuccessfully appealed his conviction to the Court of Appeals of Virginia and the Supreme Court of Virginia. Plaintiff alleges in his Amended Complaint that Officer Brown unlawfully detained him at the house until he could be served. Plaintiff further alleges that Deputy Hammer unlawfully arrested him for staying at the home although he did not know about the protective order when he first arrived and could not leave before the protective order was served.

B.  FACTS ABOUT THE NOVEMBER 7, 2009 INCIDENT

Plaintiff alleges in his Amended Complaint that on November 7, 2009, Sergeant Dean arrested plaintiff in his home for violating a protective order entered on the same day, which constituted a misdemeanor. Plaintiff alleges that Dean "barge[d] into my home uninvited on the night of Novebmer 7, 2009. No one in my home summoned Dean and we w[]ere not fighting, so Dean had no reason to barge into my house and arrest me without a search or arrest warrant." (Am. Compl. (no. 10) 3.) Following his arrest, plaintiff was imprisoned for three days, released on bail, and subsequently acquitted. Plaintiff alleges that the state court acquitted him because his wife told Dean before his arrest that she had already filed an annulment to revoke the protective order.

II.

The court must dismiss any action or claim filed by a plaintiff if the court determines that the action or claim fails to state a claim on which relief may be granted. See Fed. R. Civ. P. 12(b)(6). This standard requires the court to accept a plaintiff's factual allegations as true. A

complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

However, determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1950 (2009). Thus, a court reviewing a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as the pro se plaintiff's advocate, sua sponte developing statutory and constitutional claims the plaintiff failed to clearly raise on the face of the complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

A. PLAINTIFF FAILS TO STATE A CLAIM AGAINST THE PAGE COUNTY JAIL, THE TOWN OF STANLEY, MAYOR PURDHAM, MARK BELTON, AND SHERIFF THOMAS.

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

The Page County Jail, however, is not a "person" subject to liability via § 1983. See McCoy v. Chesapeake Corr. Ctr., 788 F. Supp. 890 (E.D. Va. 1992) (reasoning jails are not appropriate defendants to § 1983 actions). Although plaintiff names the Town of Stanley, Mayor Purdham, Mark Belton, and Sheriff Thomas as defendants, he fails to relate any facts against them about his alleged false arrests. To the extent Sheriff Thomas is Deputy Hammer's ultimate supervisor, liability against him in this § 1983 action cannot be predicated solely on respondeat superior. See Vinnedge v. Gibbs, 550 F.2d 926, 929 (4th Cir. 1977). Furthermore, a Virginia sheriff is an independent "constitutional" officer, who is beholden to only the voters and not a Virginia county. See Hilton v. Amburgey, 198 Va. 727, 728, 96 S.E.2d 151, 152 (1957) ("Sheriffs . . . do not hold their offices by virtue of authority of the General Assembly or by virtue of authority of a municipality or county."). Thus, the alleged acts of the Sheriff's deputy cannot impose liability on local governments or their officials. Accordingly, plaintiff fails to state a claim upon which relief may be granted against the Page County Jail, the Town, Mayor Purdham, Mark Belton, and Sheriff Thomas.

B.  PLAINTIFF'S CLAIMS AGAINST OFFICER BROWN AND DEPUTY HAMMER ARE BARRED BY HECK v. HUMPHREY.

Plaintiff alleges that Officer Brown and Deputy Hammer "falsely arrested" him when they detained him at his residence long enough to serve the protective order and arrest him. Plaintiff's subsequent conviction for violating the protective order presently prevents him from litigating this Fourth Amendment claim. "[C]ivil tort actions are simply not appropriate vehicles for challenging the validity of outstanding criminal judgments." Harvey v. Horan, 278 F.3d 370, 374-75 (4th Cir. 2002) (internal quotation marks omitted). Permitting civil actions to be used "for that purpose would undercut the long-standing concern not to undermine the finality of criminal convictions through civil suits." Id. at 375.

The court must consider whether a judgment in favor of the plaintiff in this suit would necessarily imply the invalidity of his conviction or sentence; if it would, the court must dismiss the complaint unless the plaintiff can demonstrate that the conviction or sentence has already been favorably invalidated. Heck v. Humphrey, 512 U.S. 477, 487 (1994). Favorable invalidation occurs when "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. . . ." Id.

Success on plaintiff's claims clearly would imply the invalidity of his conviction because he essentially argues that Brown unlawfully detained him before being served with the protective order and that this unlawful detention created his unlawful presence at the house for which he was convicted. Thus, if it was not for Brown detaining him before service of the protective order and for Hammer serving the protective order and arresting him, plaintiff could not have been convicted of violating the protective order by being at the home. Plaintiff cannot prove favorable termination because he is still convicted of that crime for which he seeks monetary relief.[1] Accordingly, plaintiff's claims against Brown and Hammer are barred by Heck, and a stay of these claims is not necessary as the criminal proceedings have not terminated in plaintiff's favor. See id. at 489-90. See also Omar v. Chasanow, 318 F. App'x 188, 189 (4th Cir. 2009) (per curiam) (modifying district court's dismissal with prejudice under Heck to be dismissed without prejudice so plaintiff could refile if favorable termination occurs).

---

[1] Plaintiff does not allege that habeas remedies are not available to him.

C.  PLAINTIFF STATES A CLAIM AGAINST SERGEANT DEAN UPON WHICH RELIEF MAY BE GRANTED.

The Fourth Amendment of the United States Constitution requires that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated. . . ." U.S. Const. amend. IV. "[P]hysical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed. . . ." United States v. United States Dist. Court, 407 U.S. 297, 313 (1972). Thus, a nonconsensual, warrantless entry into a suspect's home to effectuate a routine misdemeanor arrest is presumed to be unreasonable. Payton v. New York, 445 U.S. 573, 586-87 (1980). However, a police officer may arrest a suspect without a warrant if exigent circumstances make obtaining a warrant impossible or impractical, such as hot pursuit, the immediate risk of evidence disappearing, or a violent situation. See Vale v. Louisiana, 399 U.S. 30, 35 (1970) (discussing examples of exigent circumstances).

Plaintiff alleges that Dean entered his residence without a warrant or consent while he slept and arrested him. Nothing in plaintiff's Amended Complaint describes an exigent circumstance, and plaintiff was later acquitted of all crimes related to the arrest. Accordingly, plaintiff presently states a plausible Fourth Amendment claim against Sergeant Dean for an unreasonable seizure, and Sergeant Dean's motion to dismiss is denied.

III.

Sergeant Dean alternatively requests summary judgment based on his affidavit and records attached to his motion to dismiss. See Fed. R. Civ. P. 12(d) (permitting a motion to dismiss to be converted to a motion for summary judgment if the court considers matters outside the pleadings). A party is entitled to summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any

material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).[2] Material facts are those necessary to establish the elements of a party's cause of action. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine issue of material fact exists if, in viewing the record and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable fact-finder could return a verdict for the non-movant. Id. The moving party has the burden of showing – "that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the movant satisfies this burden, then the non-movant must set forth specific facts admissible as evidence that demonstrate the existence of a genuine issue of fact for trial. Fed. R. Civ. P. 56(c); id. at 322-23. A party is entitled to summary judgment if the record as a whole could not lead a rational trier of fact to find in favor of the non-movant. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Conversely, summary judgment is inappropriate if the evidence is sufficient for a reasonable fact-finder to return a verdict in favor of the non-moving party. Anderson, 477 U.S. at 248.

Even if there is no dispute as to the evidentiary facts, summary judgment is also not appropriate where the ultimate factual conclusions to be drawn are in dispute. Overstreet v. Ky. Cent. Life Ins. Co., 950 F.2d 931, 937 (4th Cir. 1991). A court may neither resolve disputed facts or weigh the evidence, Russell v. Microdyne Corp., 65 F.3d 1229, 1239 (4th Cir. 1995), nor make determinations of credibility, Sosebee v. Murphy, 797 F.2d 179, 182 (4th Cir. 1986). Rather, the party opposing the motion is entitled to have his or her version of the facts accepted as true and, moreover, to have all internal conflicts resolved in his or her favor. Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979). However, "[w]hen opposing parties tell two different

---

[2] The parties received reasonable and explicit notice that the court may convert a motion to dismiss that references matters outside the pleadings into a motion for summary judgment when the Clerk issued a timely Roseboro notice. See Fed. R. Civ. P. 12(d); Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975).

stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." Scott v. Harris, 550 U.S. 372, 380 (2007). Furthermore, a party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985). Therefore, "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion." Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc., 53 F.3d 55, 62 (4th Cir. 1995). Moreover, a plaintiff cannot rely on a response to a motion for summary judgment to act as an amendment to correct deficiencies in a complaint challenged by a defendant's motion for summary judgment. See Gilmour v. Gates, McDonald & Co., 382 F.3d 1312, 1315 (11th Cir. 2004) ("A plaintiff may not amend her complaint through argument in a brief opposing summary judgment."); Barclay White Skanska, Inc. v. Battelle Mem'l Inst., 262 F. App'x 556, 563 & n.16 (4th Cir. 2008) (No. 07-1084), available at 2008 WL 238562, at *6, 2008 U.S. App. LEXIS 1916, at *18-20 (noting that other circuits similarly prohibit a plaintiff from raising new claims in opposition to summary judgment and noting that district courts within the Fourth Circuit have adopted Gilmour).

  Defendants provide the court with a copy of the relevant arrest warrant that a magistrate approved at 9:01 p.m. and Dean executed at 9:03 p.m. None of the parties describe the time Dean entered the residence and arrested plaintiff. However, Dean's incident report reveals that the offense date and time was "11-07-09 2003," presumably November 7, 2009, at 8:03 p.m. (Incident Report (no. 34-1 at 6).) The Sheriff's Office dispatcher log indicates that plaintiff was already being transported to the Jail by 8:21 p.m. (Dispatch Log (no. 34-1 at 3).) In his affidavit, Dean avers that he was on duty on November 7, 2009, and received a telephone call from Mark Brust, who advised that his ex-wife and son lived at 614 East Main Street with plaintiff. Brust told Dean that plaintiff, who was prohibited from having any contact with his ex-wife and son,

was in the house asleep. After confirming the existence of the protective order, Dean proceeded to plaintiff's residence. Dean's affidavit continues as follows:

> On arrival at the residence, I spoke with Ms. Switzer who said that she talked Mr. Switzer into coming back home. I asked her if he was there, and she said that he was asleep on the couch. Both Mr. and Mrs. Switzer said that they knew the protective order was still in effect, and Mrs. Switzer said that she was going to try and get it dismissed. [The son also covered by the protective order] was also present in the house that evening. Mr. Switzer was arrested for a violation of the protective order.
>
> Following the incident, I obtained an arrest warrant from the magistrate, executed it on Thomas Switzer, and prepared an offense/incident report and supplementary investigation report. . . .

(Dean Aff. (no. 34-1) ¶¶ 4-5.)

Reviewing the facts in a light most favorable to plaintiff in opposing Dean's motion for summary judgment, Dean "barged" into plaintiff's home and arrested him without a warrant, consent, or exigent circumstances and only applied for and received an arrest warrant after plaintiff's arrest. "To be arrested in the home involves not only the invasion attendant to all arrests but also an invasion of the sanctity of the home. This is simply too substantial an invasion to allow without a warrant, at least in the absence of exigent circumstances, even when it is accomplished under statutory authority and when probable cause is clearly present." Payton, 445 U.S. at 588-89 (quoting United States v. Reed, 572 F.2d 412, 423 (1978)). The factual record is not sufficiently developed to allow the court to grant the motion for summary judgment, and it must be denied at this time.

IV.

The court has permitted this action to continue despite plaintiff's failure to either properly document his indigence, pursuant to 28 U.S.C. § 1915, or pay the entire filing fee required by 28 U.S.C. § 1914. See W.D. Va. Civ. R. 3 (authorizing the court to allow a plaintiff's action to proceed even if a filing fee is paid sometime after commencing an action due to good cause). On

September 29, 2011, the court directed plaintiff within fourteen days to either pay the outstanding filing fee balance of $175 or to file a motion to proceed in forma pauperis on AO Form 239 with certain financial documents. The Clerk sent that Order to plaintiff's address of record, but unbeknownst to the court, plaintiff was contemporaneously arrested and incarcerated in the Page County Jail.

By its October 19, 2011 Order, the court directed the Clerk to resend the September 29, 2011 Order to plaintiff at his address of record and at the Page County Jail. The court also granted plaintiff an extension until November 4, 2011 to comply the court's September, 29 2011 Order. Once again, plaintiff did not comply or communicate with the court about the filing fee.

Pursuant to the court's inherent authority to control the litigation before it, plaintiff will be given one final opportunity to comply with the September 29, 2011 Order, which the Clerk will again send to plaintiff along with this Memorandum Opinion. Absent strict compliance with that Order or good cause, plaintiff's failure to comply with the September 29, 2011 Order will result in the immediate dismissal of this action. **Plaintiff is ORDERED to comply with the September 29, 2011 Order by December 20, 2011.** This action is stayed until December 20, 2011 pending plaintiff's compliance.

V.

For the foregoing reasons, the court grants the Page County Jail, the Town of Stanley, Mayor Purdham, Mark Belton, and Sheriff Thomas, Officer Brown, and Deputy Hammer's respective motions. Plaintiff's claims against the Page County Jail, the Town of Stanley, Mayor Purdham, Mark Belton, and Sheriff Thomas are dismissed with prejudice for failing to state a claim upon which relief may be granted. Plaintiff's claims against defendants Brown and Hammer are dismissed without prejudice, pursuant to Heck v. Humphrey, 512 U.S. 477 (1994). Officer Dean's motion to dismiss or for summary judgment is denied based on the limited factual

record before the court. Plaintiff has until December 20, 2011 to comply with the court's September 29, 2011 Order or face dismissal of this action.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to plaintiff and counsel of record for defendants.

Entered: December 6, 2011

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge