IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | |
|---|---|
| THOMAS L. SWITZER, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 5:11CV00021 |
| ) | |
| TOWN OF STANLEY, et al, ) | |
| ) | |
| Defendants. ) | |

### SGT. RYAN DEAN'S MEMORANDUM IN SUPPORT
### OF MOTION FOR SUMMARY JUDGMENT

COMES NOW Sgt. Ryan Dean of the Town of Stanley Police Department, by counsel, and submits the following memorandum of facts, argument and authorities in support of his previously filed Motion for Summary Judgment as to the potential Fourth Amendment claim in Plaintiff's Complaint.  Defendant submits that pursuant to Rule 56 F.R.C.P. there is no genuine issue of material fact as relates to Plaintiff's potential Fourth Amendment claim.

MATERIAL FACTS

In support of this Motion, Sgt. Ryan Dean submits the following material facts reflected in the Affidavits of Evan Brust (Exhibit 1), Mark Brust (Exhibit 2) and Sgt. Ryan Dean (Exhibit 3) and exhibits incorporated in the Affidavits, an additional copy of which is attached hereto:

On November 7, 2009, Evan Brust, then a minor, now 18 years old, resided at 614 East Main Street, Apt. 2, Stanley, Virginia with his mother, Terri L. Switzer.  Pursuant to a Preliminary Protective Order – Family Abuse issued on October 26, 2009, his stepfather, Thomas L. Switzer, was prohibited from being at the residence or having any contact with Evan Brust who resided at the residence with his mother.  Ex. 1 Aff. Evan Brust 3/15/12.  Thomas L.

Switzer had previously assaulted Evan Brust which led, in part, to his mother Terri Switzer obtaining the October 26, 2009 Preliminary Protective Order. Ex. 1 Aff. Evan Brust 3/15/12 ¶2.

The October 26, 2009 Preliminary Protective Order was entered by the Page County Juvenile and Domestic Relations District Court on October 26, 2009 and is attached as Exhibit 1 to Evan Brust's Affidavit which is Exhibit 1 to the Motion for Summary Judgment and this Memorandum. Pursuant to the Preliminary Protective Order, which was personally served on Thomas L. Switzer on October 26, 2009, the Preliminary Protective Order was scheduled for a hearing on November 9, 2009. The Court found in entering the Preliminary Protective Order that Terri Switzer had been subjected to family abuse and that in order to protect the health and safety of her or any of her household members, which would include Evan Brust, Thomas L. Switzer was banned from 614 East Main Street, Apt. 2, Stanley, Virginia, and he was further ordered to refrain from having any contact with Evan Brust who lived at that residence with his mother in order under its express terms to safeguard Terri Switzer and among others Evan Brust "safety and health".

On November 7, 2009, Terri Switzer apparently had allowed Thomas L. Switzer to be present in the apartment where Evan Brust lived. Evan Brust was upset that Thomas L. Switzer was there since he was prohibited by the Protective Order from being there and prohibited from having any contact with Evan Brust. Ex. 1 Aff. Evan Brust 3/15/12 ¶2. Evan Brust was upset and telephoned his father, Mark Brust, who lives in Connecticut, on November 7, 2009 and told him that Thomas Switzer was staying at 614 East Main Street, Apt. 2 and therefore was in contact with him in violation of the Protective Order. He explained to his father on the telephone that his mother, Terri Switzer, had gotten the Protective Order in part as a result of Thomas Switzer having previously assaulted Evan Brust. Ex. 1 Aff. Evan Brust 3/15/12 ¶2.

Unbeknownst to Evan Brust at the time, after he called his father, his father called the police. Ex. 2 Aff. Mark Brust 3/13/12. Evan Brust was at home on November 7, 2009 when he heard Sgt. Ryan B. Dean knock at the door of 614 East Main Street, Apt. 2. He heard his mother answer the door and invite Sgt. Dean in. Sgt. Dean did not barge into the apartment or use any force. He requested permission to enter, and Evan Brust's mother invited Sgt. Dean into the apartment. Ex. 1 Aff. Evan Brust 3/15/12 ¶4. Sgt. Dean had a copy of the protective order with him that prohibited contact by Thomas Switzer with not only Terri Switzer, but also Evan Brust. Sgt. Dean asked Terri Switzer if Thomas Switzer was there, and his mother told Sgt. Dean that Thomas Switzer was there, half asleep on the couch. Sgt. Dean then arrested Thomas Switzer for violating the October 26, 2009 Protective Order without any further problems. Ex. 1 Aff. Evan Brust 3/15/12.

On November 7, 2009, Mark Brust resided at 80 Woodruff Avenue, Watertown, Connecticut 06795. He formerly was married to Terri Switzer, and Evan Brust was his son who lived with his former wife on November 7, 2009 at 614 East Main Street, Apt. 2, Stanley, Virginia. On November 7, 2009, Mark Brust received a telephone call from his son, Evan Brust, advising him that he was upset because his mother had allowed Thomas Switzer to return to 614 East Main Street, Apt. 2, in violation of a protective order which not only required Thomas Switzer to vacate and stay away from the residence, but also barred him from having any contact with Evan Brust who he had earlier assaulted according to his son. In response to his then minor son's call, Mark Brust called the Stanley Police Department on November 7, 2009 and talked with Sgt. Ryan Dean and advised him of his son's call. Ex. 2 Aff. Mark Brust 3/13/12 ¶¶ 1&2.

Sgt. Ryan B. Dean is a sergeant with the Town of Stanley Police Department and was serving in that capacity on November 7, 2009. He was on duty that evening and received a

3

telephone call from Mark Brust who advised him that his ex-wife and son, Evan Brust, lived at 614 East Main Street. He further advised Sgt. Dean that Thomas Switzer had had a Protective Order served on him which required him to have no contact with Terri Switzer or Evan Brust who Thomas Switzer had earlier assaulted. Sgt. Dean was further advised by Mark Brust that he had received a phone call from his son that said that Thomas Switzer was asleep on the couch at 614 East Main Street. Sgt. Ryan Dean then confirmed through the police dispatcher that Thomas Switzer had been served with an emergency Preliminary Protective Order on October 26, 2009 and had them fax a copy to the Stanley Police Department. Sgt. Dean also had the dispatcher fax a copy of the VCIN information that confirmed that the Protective Order was still in effect on November 7, 2009. He picked up both documents and proceeded to respond to the call. Upon arrival at 614 East Main Street, Apartment 2, Sgt. Ryan Dean knocked on the door. Terri Switzer answered the door and invited Sgt. Dean to enter her residence. Sgt. Dean had the Preliminary Protective Order with him and asked if Thomas Switzer was present in the residence. Mrs. Switzer admitted to Sgt. Dean that she knew the Protective Order was still in effect and stated that she was going to court to try to get it dismissed. After Sgt. Dean asked Terri Switzer who resided in the residence and who had consented to his entry if Thomas Switzer was there in the residence, he was told by Terri Switzer that Thomas Switzer was asleep on the couch. Evan Brust, Terri Switzer's then minor son and subject of the protective order was present in the residence that evening when Sgt. Dean arrived. Sgt. Dean then arrested Thomas Switzer for a misdemeanor committed in his presence of a violation of the Preliminary Protective Order by being at the residence, where he was in contact with Terri Switzer and Evan Brust. Ex. 3 Aff. Sgt. Ryan B. Dean 7/21/11 ¶¶ 1-5 and attachments.

ARGUMENT AND AUTHORITIES

The Fourth Amendment was not violated on November 7, 2009 when Sgt. Ryan Dean of the Town of Stanley Police Department entered 614 East Main Street, Apt. 2, Stanley, Virginia where Terri Switzer resided with her son, Evan Brust since after Sgt. Dean knocked on the door with the Preliminary Protective Order in hand she invited him into the residence where Thomas Switzer was present and asleep but was banned by Court Order entered October 26, 2009 and further was prohibited from having any contact with Evan Brust who lived at the residence. Thomas Switzer's rights under the Fourth Amendment were not violated by the warrantless entry since the entry was with consent of a co-occupant resident, and in the alternative Thomas Switzer had no reasonable expectation of privacy at 614 East Main Street, Apt. 2, Stanley, Virginia, since he was ordered by the Page County Juvenile and Domestic Relations District Court on October 26, 2009 to stay away from the residence and have no contact with, among others, Evan Brust, and further in the alternative exigent circumstances permitted the entry since the Page County Juvenile and Domestic Relations District Court had specifically found that Thomas Switzer was required to stay away from the residence and his stepson who resided there in order to protect "the health and safety" of, among others, Evan Brust, who had contacted his father on November 7, 2009 and advised him that Mr. Switzer was having contact with him, and his father then immediately contacted the police resulting in Sgt. Dean proceeding to the residence to investigate the complaint by Evan Brust to his father.

1. **SGT. DEAN'S ENTRY INTO 614 EAST MAIN STREET, APT. 2, STANLEY, VIRGINIA ON 11/7/09 DID NOT VIOLATE THE FOURTH AMENDMENT BECAUSE THE ENTRY WAS CONSENUAL.**

Sgt. Ryan Dean's entry without a warrant into Terri Switzer and Evan Brust's home where she and her son were present on November 7, 2009, was consensual and did not violate

5

the Fourth Amendment.  Aff. Evan Brust 3/15/12 (Exhibit 1), Aff. Sgt. Ryan Dean 7/21/11 (Exhibit 3).

While the Fourth Amendment generally prohibits the warrantless entry of a person's home, whether to make an arrest or search for specific objects under *Payton v. New York,* 445 U.S. 573 (1980), the United States Supreme Court confirmed in *Illinois v. Rodriguez*, 497 U.S. 177 (1990) that the prohibition does not apply to situations in which voluntary consent has been obtained from, among others, a third party who possesses common authority over the premises, citing *U.S. v. Matlock*, 415 U.S. 164 (1974).  In *Matlock*, Justice White noted in his majority opinion that the authority which justifies third party consent rests on mutual use of property by persons generally having joint access or control for most purposes, so that it is reasonable to recognize that any of the co-inhabitants has the right to permit the inspection in his own right and that others have assumed the risk that one of their number might permit the common area to be searched. *Matlock* at 172.  Accordingly, when Terri Switzer answered Sgt. Ryan Dean's knock on the door on November 7, 2009 and invited him into the residence where she resided with her son, the entry was consensual and did not violate Thomas Switzer's rights under the Fourth Amendment.  Furthermore, the fact that Thomas Switzer alleges that he was asleep at the time (according to Evan Brust, asleep on the couch) does not vitiate the effect of the consent entry since Sgt. Dean had no obligation to confirm the actual authority of Terri Switzer or Evan Brust, whose authority was apparent, to consent to the entry.  Reasonableness, which is the touchstone under the Fourth Amendment, did not require Sgt. Dean to take affirmative steps to find a potentially objecting co-tenant before acting on the permission he had already received. *Georgia v. Randolph*, 547 U.S. 103, 122 (2006).

2.  **SGT. DEAN'S ACTIONS ON 11/7/09 AT 614 EAST MAIN STREET, APT. 2, STANLEY, VIRGINIA DID NOT VIOLATE THE FOURTH AMENDMENT SINCE THOMAS SWITZER DID NOT HAVE A REASONABLE EXPECTATION OF PRIVACY AT THAT RESIDENCE ON THAT DATE.**

On October 26, 2009 the Page County Juvenile and Domestic Relations District Court entered an Order whereby a Preliminary Protective Order – Family Abuse in which the Court found that in order to protect the "health and safety" of Terri Switzer or any household member (including Evan Brust) a Preliminary Protective Order was warranted. The Court found that within a reasonable period of time Terri Switzer had been subjected to family abuse. The Order personally served on Thomas Switzer October 26, 2009 required him to immediately leave and stay away from 614 East Main Street, Apt. 2, Stanley, Virginia and, in pertinent part, further ordered him to refrain from having any contact with Evan Brust who resided at that residence with his mother, Terri Switzer. On November 7, 2009, Sgt. Ryan Dean of the Town of Stanley Police Department received a telephone call from Evan Brust's father, Mark Brust, who resides in Connecticut advising that he had received a telephone call from his son, Evan Brust, that date stating that he was upset with his mother who had allowed Thomas Switzer to return to 614 East Main Street, Apt. 2 in violation of the Protective Order which not only required Thomas Switzer to vacate and stay away from the residence, but also barred him from having any contact with Evan Brust who he had earlier assaulted. Following up on Mark Brust's telephone call concerning the complaint of a minor whose "health and safety" under the Preliminary Protective Order was in jeopardy, Sgt. Dean confirmed the existence of the Preliminary Protective Order and obtained a copy of it. He responded to the residence at 614 East Main Street, Apt. 2, Stanley, Virginia, and knocked on the door with the protective order in hand. Terri Switzer answered the door and invited him into her residence where Evan Brust was present. Before

7

going to the residence, Sgt. Dean had confirmed with VCIN that the Protective Order was still in effect. Evan Brust was present at 614 East Main Street, Apt. 2 where he lived with his mother on 11/7/09 when Sgt. Dean knocked on the door. He heard his mother answer the door and invite Sgt. Dean in. Sgt. Dean had a copy of the protective order with him when he entered. Sgt. Dean asked his mother if Thomas Switzer was there, and his mother advised Sgt. Dean that he was there, half asleep on the couch. Sgt. Dean then arrested Thomas Switzer for violating the Preliminary Protective Order without further incident.

Sgt. Dean's arrest of Thomas Switzer for a misdemeanor committed in his presence following the consensual entry does not violate the Fourth Amendment valid under Virginia law pursuant to §19.2-81 and §19.2-81.3 which permits an arrest by law enforcement officer without a warrant for a violation of a protective order issued to protect a child's life, health, safety even when the violation did not occur in his presence when the arrest is based upon (a) probable cause, (b) personal observations, (c) the reasonable complaint of a person who observed the alleged events, or (d) personal investigation. When he arrived at the residence both Terri Switzer and Thomas Switzer admitted that they knew the protective order was still in effect. Terri Switzer said that she was going to court to try to and get it dismissed. However, Evan Brust, a subject of the protective order, was present in the home where he resided with his mother.

Sgt. Dean submits that Thomas Switzer did not have a reasonable expectation of privacy at 614 East Main Street, Apt. 2, Stanley, Virginia on November 7, 2009 due to the express terms of the presumptively valid Preliminary Protective Order, and therefore the Fourth Amendment was not violated aside from the consent exception by his entry and actions on November 7, 2009. Defendant Dean submits that in view of the Preliminary Protective Order his entry without a warrant on November 7, 2009 was reasonable and did not violate the Fourth Amendment.

Simply, it advances no purpose to be served by the Fourth Amendment to even permit Thomas Switzer to object to the lawfulness of the entry on November 7, 2009. In *Rakas v. Illinois*, 439 U.S. 128 (1978), the United States Supreme Court in discussing *Katz v. United States*, 389 U.S. 4th 347 (1967) noted that "the court in *Katz* held that the capacity to claim the protection of the Fourth Amendment depends not upon a property right in the invaded place, but upon whether the person who claims the protection of the Amendment has a legitimate expectation of privacy in the invaded place." *Rakas* at 142. In *Rakas*, Justice Powell noted that the petitioner's claim in that case, which involved the search of an automobile would have failed even in an analogous situation in a dwelling place such as occurred at 614 East Main Street, Apt. 2, Stanley, since the petitioners made no showing that they had any legitimate expectation of privacy at that location. In footnote 12 in *Rakas*, Justice Powell notes that a "legitimate" expectation of privacy by definition means more than a subjective expectation of not being discovered. He notes that "a burglar plying his trade in a summer cabin during the off season may have a thoroughly justified subjective expectation of privacy, but it is not one which the law recognizes as legitimate." Sgt. Dean submits that under *Rakas* since Switzer on November 7, 2009 had been directed by court order to stay away from the residence, even assuming he previously resided there with his wife and had been invited back by his wife, any subjective expectation of privacy he may have had by his wife inviting him to come home simply is not an expectation that under *Katz* or *Rakas* society is prepared to recognize as reasonable in view of the fact that his then minor stepson Evan Brust who was a subject of the protective order resided at the residence with his mother.

3. **SGT. RYAN DEAN'S ENTRY WITHOUT A WARRANT INTO 614 EAST MAIN STREET, APT. 2, STANLEY, VIRGINIA ON 11/7/09 AFTER KNOCKING ON THE DOOR AND BEING INVITED IN BY TERRI SWITZER IN ANY EVENT WAS PERMISSIBLE ON EXIGENT CIRCUMSTANCES GROUNDS IN VIEW OF THE 10/26/09 PRELIMINARY PROTECTIVE ORDER ENTERED BY THE PAGE COUNTY JUVENILE AND DOMESTIC RELATIONS DISTRICT COURT.**

In *Georgia v. Randolph*, 547 U.S. 103 (2006), the court noted that, aside from the consent issue in that case, the authority of the police to protect domestic victims when the police may enter without a warrant without committing a trespass is unquestioned. The majority opinion noted,

> We recognize that domestic abuse is a serious problem in the United States. See U.S. Department of Justice, National Institute of Justice, P. Tjaden & N. Thoennes, Full Report of the prevalence, Incidence, and Consequences of Violence Against Women 25-26 (2000) (noting that over 20 million women and 6 million men will, in the course of their lifetimes, be the victims of intimate-partner abuse); U.S. Dept. of Health and Human Services, Centers for Disease Control and Prevention, National Center for Injury Prevention and Control, Costs of Intimate Partner Violence Against Women in the United States 19 (2003) (finding that nearly 5.3 million intimate partner victimizations, which result in close to 2 million injuries and 1,300 deaths, occur among women in the United States each year); U.S. Dept. of Justice, Bureau of Justice Statistics, Crime Data Brief, C. Rennison, Intimate Partner Violence, 1993-2001 (Feb. 2003) (noting that in 2001 intimate-partner violence made up 20% of violent crime against women); see also Becker, The Politics of Women's Wrongs and the Bill of "Rights": A Bicentennial Perspective, *59 U. Chi. L. Rev. 453, 507-508 (1992)* (noting that women may feel physical insecurity in their homes as a result of abuse from domestic partners).

In *Georgia v. Randolph*, the majority noted that,

> No question has been raised, or reasonably could be, about the authority of the police to enter a dwelling to protect a resident from domestic violence; so long as they have good reason to believe such a threat exists, it would be silly to suggest that the police would commit a tort by entering, say, to give a complaining tenant the opportunity to collect belongings and get out safely, or **to**

10

> **determine whether violence (or threat of violence)** has just occurred or is about to (or soon will) occur…

*Georgia v. Randolph* at 119 (emphasis supplied). The Court then noted that "Since the police would then be lawfully on the premises, there is no question that they could seize any evidence in plain view or take further action supported by any consequent probable cause, *citing Texas v. Brown,* 460 U.S. 730 (1983).

The entry without a warrant in this case in the alternative is justified under the exigent circumstances exception to the Fourth Amendment in addition to the consent exception since Sgt. Dean even absent consent would not have committed a trespass by entering the residence to determine whether Evan Brust, or any other resident, was subject to violence or a threat of violence in view of Evan Brust's call to his father and Mark Brust's call to the police. Upon Sgt. Dean's entry with the protective order in hand Evan Brust's presence and confirmation that Thomas Switzer was present in the residence albeit asleep on the couch was nonetheless in contact with Evan Brust. Officer Dean had probable cause to arrest Thomas Switzer for a violation of the protective order committed in his presence since Evan Brust was living in the residence and Thomas Switzer was present without permission from the Court. Defendant submits that under the facts present in this case with the telephone call of the minor son to his father in Connecticut confirming Thomas Switzer's present violation of the protective order which had been issued based on a finding of a threat to the "health and safety" of residents of the household, including Evan Brust, Sgt. Dean's entrance was justified by exigent circumstances.

WHEREFORE, your Defendant moves the Court to enter summary judgment on his behalf and dismiss the Complaint since his entry without a warrant on 11/7/09 was with the consent of a co-occupant or, in the alternative, that Thomas Switzer had no reasonable expectation of privacy at the residence in view of the extant Preliminary Protective Order and that in any event the entry was also justified by the exigent circumstances created by the active protective order and Evan Brust's call to his father and subsequent call of the father to the police to investigate the minor's complaint.

                              SGT. RYAN B. DEAN,
                              By Counsel

s/Richard H. Milnor
Richard H. Milnor, Esquire (VSB #14177)
Zunka, Milnor & Carter, Ltd.
414 Park Street
P O Box 1567
Charlottesville, VA  22902
Phone: 434-977-0191
Fax:     434-977-0198
rmilnor@zmcilaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of March, 2012, I electronically filed the foregoing Sgt. Ryan Dean's Memorandum in Support of Motion for Summary Judgment with the Clerk of the Court using the CM/ECF system and mailed a true copy of the same by United States Postal Service to the following non-CM/ECF participant:

Thomas L. Switzer
297 Dogwood Lane
Stanley, VA 22851

and

Thomas L. Switzer
12 November Road
Waynesboro, VA  22981

and

Thomas L. Switzer
Page County Jail
108 South Court Street
Luray, VA  22835
*Pro Se Plaintiff*

                                              s/Richard H. Milnor
Richard H. Milnor, Esquire (VSB #14177)
Zunka, Milnor & Carter, Ltd.
414 Park Street
P O Box 1567
Charlottesville, VA  22902
Phone: 434-977-0191
Fax:    434-977-0198
rmilnor@zmcilaw.com