CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

JUL 10 2012

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# United States District Court
# Western District of Virginia
## Harrisonburg Division

| | |
|---|---|
| THOMAS L. SWITZER, | Civil No.: 5:11cv00021 |
| *Plaintiff,* | |
| v. | REPORT AND RECOMMENDATION |
| TOWN OF STANLEY, et al, | |
| *Defendant,* | By: Hon. James G. Welsh<br>U. S. Magistrate Judge |

Thomas L. Switzer, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983, and invoking the court's jurisdiction pursuant to 28 U.S.C. § 1343. The named defendants included the Town of Stanley ("Town"), Town Mayor Doug Purdham, Town police officers Brown and Dean, Page County Administrator Mark Belton, Page County Sheriff John Thomas, Page County Sheriff's Deputy Hammer, and the Page County Jail. All defendants filed motions to dismiss, and the plaintiff filed his response. Concluding that the matter was ripe for disposition, and after reviewing the record, the court denied the motion to dismiss filed by Sgt. Ryan Dean and granted the dismissal motions of the other defendants for the reasons set forth in the court's memorandum opinion. (No. 51).

Sgt. Dean thereafter filed his answer denying the plaintiff's allegations of tortuous wrongdoing and asserted various affirmative defenses. (No. 55). Without submission of a

supporting memorandum as required by WDVa Local Rule 11, the plaintiff responded in the form of a motion asking "the court to strike" Sgt. Dean's answer and enter summary judgment in the plaintiff's favor on the basis of alleged legal insufficiency. (No. 58). In opposition to the plaintiff's motion, Sgt. Dean moved that it be denied and noted, *inter alia,* its failure to meet the pleading requirements of WDVa Local Rule 11(a) and (c) and Rules 12(c) and 5.1 of the Federal Rules of Civil Procedure. (No. 60).

By order entered February 14, 2012, (no. 62) all non-dispositive pre-trial motions were referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and all dispositive motions were referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) for such proceedings that will enable the submission of proposed findings of fact, conclusions of law, and a recommended disposition of any pending dispositive motions.

Pursuant to leave granted (no. 65), the defendant filed a dispositive motion with supporting exhibits and memorandum on March 26, 2012. (Nos. 68 and 69). A Roseboro Notice was then mailed to the plaintiff. (No. 70). The plaintiff's brief in opposition with supporting exhibits was subsequently filed. (No. 75). The defendant's reply was then filed (no. 76); the views of the parties were heard on April 25, 2012 (nos. 80), and the defendant's Rule 56 motion is now ripe for disposition. After reviewing the record, considering the views of the parties and mature consideration, the following findings of fact, conclusions of law, and recommended disposition are submitted.

## I. Factual Background and Previous Denial of Sgt. Ryan's Motions

As outlined by the court in its Memorandum Opinion (no. 51, pp.1-2), the facts pertinent to the plaintiff's claim against Sgt. Dean are relatively straightforward. Following threats by the plaintiff to do physical harm to his step-son and to violate any protective order (no. 75-1, p.2), on October 26, 2009, the Page County Juvenile and Domestic Relations ("J&DR") Court entered an emergency protective order that granted the plaintiff's wife possession of the family residence, exclusive use of a family vehicle, and prohibited the plaintiff from contacting her. (No. 69-1, pp. 3-4). Twelve days later, on November 7, 2009, Sgt. Dean arrested the plaintiff after finding him in the family residence for a misdemeanor violation of the protective order. According to the plaintiff, Sgt. Dean "barged" into his home "uninvited" and for "no reason" arrested him "without a search or arrest warrant." (No. 10, p.3). Following his arrest, the plaintiff was imprisoned for three days, released on bail, and subsequently acquitted. It is the plaintiff's contention that the state court acquitted him because his wife told Sgt. Dean before the arrest that she had already filed an annulment to revoke the protective order.

Based on the plaintiff's allegation that Sgt. Dean's entry into the family residence was non-consensual, warrantless, and for the purpose of effecting a routine misdemeanor arrest, and the absence of any suggestion of exigent circumstances in the plaintiff's pleadings, the plaintiff was found to have stated a Fourth Amendment claim against Sgt. Dean. (No. 51, p.6). On the basis of what was determined to be an insufficiently developed factual record, Sgt. Dean's alternative request for summary judgment based on his affidavit and certain records attached to his motion was also denied. (No. 51, pp.6-9).

3

With leave of court, on March 26, 2012, Sgt. Dean, a Town of Stanley police officer, filed his renewed motion for summary judgment with supporting affidavits from Evan Brust (the plaintiff's now adult step-son), Mark Brust (Evan Brust's father), Terri Switzer (the plaintiff's spouse and Evan Brust's mother) and Sgt. Ryan, along with copies of various state court, sheriff's department, and Town police department records. In response, on July 9, 2012, Thomas L. Switzer filed his motion for summary judgment seeking dismissal of the jury, judgment in the amount of $50,000 and for sanctions against defense counsel for filing frivolous motions. (No. 91).

These submissions once again document that at the time of the plaintiff's arrest on November 7, 2009, by Sgt. Dean, there was a properly issued and personally served family abuse protective order in place that had been obtained, at least in part, on the basis of an assault on Evan Brust by the plaintiff. (No. 68-1). They show Evan Brust, (then a minor) and Terri Switzer resided in the family residence located on East Main Street in the Town of Stanley, and pursuant to the terms of the protective order the plaintiff was prohibited from either being at the residence or having any contact with his step-son. (No. 61-1). Nevertheless, on November 7, 2009, the plaintiff was permitted by his wife to enter the residence. (*Id.*). This action upset the step-son and prompted him to contact his father in Connecticut, who then contacted the Town police department and spoke to Sgt. Dean. (Nos. 61-1 and 61-2). After obtaining a copy of the emergency protective order and confirming that it had in fact been served on the plaintiff and was still in effect, Sgt. Dean took this paperwork and went to the Switzer residence. (No. 61-3).

4

According to the affidavits of both Sgt. Dean and Evan Brust, upon arrival at the residence, Sgt. Dean knocked and was invited in by Mrs. Switzer. (Nos. 61-1, p. 2 and 61-3, p.2). In contrast, the plaintiff and his wife contend in their statements that Mrs. Switzer "did not invite [Sgt. Dean] into our home." (No. 75, pp.7-8).

As stated by Sgt. Dean in his affidavit, Mrs. Switzer acknowledged that her husband was there and said he was asleep on the couch. (No. 68-3, p.2). Both Mr. and Mrs. Switzer confirmed to Sgt. Dean that they knew the emergency protective order was still in effect but Mrs. Switzer told him that she had talked her husband into returning to the residence, and she told him that she was going to court to get it dismissed. (*Id.*). The defendant was arrested for violating the emergency protective order; an arrest warrant was then regularly obtained (no. 68-3, p.8), and offense/incident (no. 68-3, p.6) and supplemental investigation (no. 68-3, p.7) reports were prepared. (No. 68-3, p.2). Although the plaintiff and his wife contend that Evan Brust was not present in the residence at the time Sgt. Dean arrived, the basic facts and chronology of events at the residence are not disputed.

Likewise, it is undisputed that on December 21, 2009, the plaintiff was subsequently tried on the misdemeanor offense of violating the protective order in the Page County J&DR Court and found not guilty. (No. 75-1, p.1)

II. **Standard of Review**

Rule 56 provides that a court "shall grant summary judgment if the movant shows that

5

there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A genuine issue over a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Therefore, in considering a motion for summary judgment, the court's function is limited to determining whether sufficient evidence exists on a claimed factual dispute to warrant submission of the matter to a jury for resolution at trial. *Id.* at 249.

Furthermore, in making this inquiry the court must consider the facts and all reasonable inferences "in the light most favorable to the nonmoving party." *Ricci v. DeStefano,* 557 U.S. 557, ___, 129 S. Ct. 2658, 2677 (2009) (quoting *Scott v. Harris,* 550 U.S. 372, 380 (2007)). The court, however, must also abide by its affirmative obligation to prevent factually unsupported claims and defenses from going to trial. *Drewitt v. Pratt,* 999 F.2d 774, 778-779 (4th Cir. 1993).

If the evidence presented by the nonmoving party is merely colorable, or is not significantly probative, summary judgment must be granted. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 249-50. Moreover, a party opposing summary judgment must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986); *see also In re Apex Express Corp.,* 190 F.3d 624, 633 (4th Cir. 1999).

6

## III. Discussion of Defendant's Rule 56 Motion

The crux of the plaintiff's claim is his contention that he was deprived of his Fourth Amendment expectation of privacy when Sgt. Dean, acting under color of state law, entered the Switzer family residence and effected his warrantless arrest for a misdemeanor violation of a protective order previously issued by the Page County (Virginia) J&DR Court. In support of his Rule 56 motion seeking summary judgment, Sgt. Dean argues that the undisputed material facts establish his entitlement to summary judgment as a matter of law. He contends the evidence demonstrates that the plaintiff had no legitimate expectation of privacy at the time he entered the residence and arrested the plaintiff, that his entry was with the householder's consent, and that his entry was justified by exigent circumstances.

### A. No Cognizable Expectation of Privacy

As the defendant argues in his brief, standing to assert a Fourth Amendment claim depends upon whether the plaintiff had a legitimate expectation of privacy in the particular place at the time of the relevant events. *Minnesota v. Olson*, 495 U.S. 91, 95 (1990); *see also United States v. Saint-Brice*, 1 Fed Appx. 232, 233 (4th Cir. 2001); *Doe v. Broderick*, 225 F.3d 440, 447 (4th Cir. 2000) (Fourth Amendment protections "are triggered when an individual seeking refuge under [it] has a legitimate expectation of privacy in the invaded place' or the item seized.") (quoting *Rakas v. Illinois*, 439 U.S. 128, 143 (1978)).

Succinctly put, "[t]he touchstone of Fourth Amendment analysis is whether a person has a 'constitutionally protected reasonable expectation of privacy.'" *California v. Ciraolo*, 476 U.S.

7

207, 211 (1986) (quoting *Katz v. United States*, 389 U.S. 347, 360 (1967) (Harlan, J., concurring)). To make that determination, *Katz* outlines a two-question inquiry by which this court must determine whether the plaintiff has a cognizable Fourth Amendment privacy claim. The first question asks whether the individual has manifested a subjective expectation of privacy in the object of the challenged search. The second question asks whether society is willing to recognize that expectation as reasonable. *See Smith v. Maryland*, 442 U.S. 735, 740 (1979) (citing *Katz* at 351).

In the case now before the court the plaintiff's claim fails to meet either of the *Katz* inquiries. Although a man's home is, for most purposes, a place where he subjectively expects privacy, the Fourth Amendment's protection from warrantless searches [1] is not unlimited. *Georgia v. Randolph*, 547 U.S. 103, 108 (2006); *United States v. Gray*, 491 F.3d 138, 144-145 (4th Cir. 2007). *Inter alia*, it must be a personal protection that requires the person asserting the protection to allege a legitimate interest in the searched premises. *Brown v. United States*, 411 U.S. 223, 229-230 (1972); *Rakas v. Illinois*, 439 U.S. 128, 133 (1978). Thus, this constitutional protection does not extend to an individual illegally or wrongfully on the premises at the time of the search. *See United States v. Williams*, 523 F.3d 64, 66 (8th Cir. 1975). Likewise, it does not

---

[1] "In terms that apply equally to seizures of property and to seizures of persons, the Fourth Amendment has drawn a firm line at the entrance to the house. Absent exigent circumstances, that threshold may not reasonably be crossed without a warrant." *Steagald v. United States*, 451 U.S. 204, 212 (quoting *Payton v. New York*, 445 U.S. 573, 590 (1980).

Case 5:11-cv-00021-MFU-JGW   Document 92   Filed 07/10/12   Page 8 of 15   Pageid#: 464

extend to every visitor or individual simply permitted to be on the premises with the consent of the householder at the time the search occurs. *Minnesota v. Carter*, 525 U.S. 83, 90-91 (1998). Similarly, it does not extend to individuals conducting illegal activity in locations that are not their own. *United States v. Gray*, 491 F.3d at 146.

At the time of Sgt. Dean's warrantless entry on November 7, 2009, the undisputed evidence before the court amply demonstrates that the plaintiff had been legally excluded from the premises pursuant to the express terms of the J&DR court's protective order, that he in fact had no possessory interest in the premises at the time of Sgt. Dean's entry, that the plaintiff had knowingly returned to the premises in direct contravention of the protective order's express terms, and that his presence in the premises was, at most, with the bare consent of the householder. Therefore, at the time of Sgt. Dean's entry, the plaintiff did not have a subjectively reasonable expectation of privacy, and his claim does not rise to the level of a constitutionally cognizable infringement. *See United States v. Gale*, 136 F.3d 192, 195 (D.C. Cir. 1998) (mere use of premises without legal authority to be there, provides no "legitimate expectation of privacy" in the premises required to challenge the search).

Even if the plaintiff could theoretically demonstrate some potentially cognizable expectation of privacy in the premises sufficient to challenge Sgt. Dean's entry, such an expectation would be contrary to the patently strong, reasonable and legitimate state interest in child safety and child protection against parenting abuse. *See Wright v. Arlington County Dep't of Social Services*, 9 Va. App. 411, 414 (1990) ("The Commonwealth has a *parens patriae*

9

interest in promoting the welfare of the child. . . [and] in [court] proceedings to secure a safe environment for the child pending efforts to rehabilitate the family structure."); *see also Gedrich v. Fairfax County Dep't of Family Servs.*, 282 F. Supp. 2d 439, 460 (E.D. Va. 2003) (A liberty interest in familial relations is not absolute; it "is limited by the compelling government interest in the protection of children - particularly where the children need to be protected from their own parents.") (quoting *Croft v. Westmoreland County Children & Youth Servs.*, 103 F.3d 1123, 1125 (3d Cir. 1997)). Therefore, whatever expectation of privacy the plaintiff (in this case an alleged child abuser) might have had at the time of Sgt. Dean's intrusion must be outweighed by the state's strong interest in protecting the plaintiff's minor step-son from further abuse.

Any suggestion that the plaintiff may assert a Fourth Amendment privacy claim either on the basis of his contention that his wife "did not invite [Sgt. Dean] in" or on the basis of Sgt. Dean's entry without a warrant and specifically looking for him are equally without merit.

The claim of a Fourth Amendment privacy protection is individual. With neither a possessory interest in the premises nor with a legitimate basis to be on the premises at the time Sgt. Dean entered the residence, the plaintiff has no standing. *E.g., Jones v. United States*, 362 U.S. 257, 262 (1960); *Minnesota v. Carter*, 525 U.S. 83, 90 (1998). Any such standing would belong to the plaintiff's wife individually. She has asserted no such claim, and it cannot be vicariously asserted by the plaintiff. *Simmons v. United States*, 390 U.S. 377, 389 (1968); *Alderman v. United States*, 394 U.S. 165, 174 (1969). Equally, an individual at whom a search is directed (the "target" of the search), does not automatically gain standing to assert Fourth

10

Amendment rights. *Rakas v. Illinois*, 439 U.S. 128, 138-140 (1978). In the instant case, Sgt. Dean clearly had a reasonable belief that the plaintiff was present inside the residence and was violating the express terms of a child protective order. Not only did Mark Brust report that the plaintiff was at the residence, but Mrs. Switzer confirmed the plaintiff's presence. Likewise, not only did Mark Brust report that the plaintiff was violating the terms of the protective order, but Sgt. Dean obtained a copy of the order and confirmed that it remained in full force and effect before he went to the Switzer residence. Thus, he had the limited authority to enter the premises in order to effect the plaintiff's arrest for a crime being committed in his presence. *See United States v. Kern,* 336 Fed. Appx. 296, 298 (4th Cir. 2009).

### B.     Householder Consent to Warrantless Entry

While the Fourth Amendment generally prohibits a warrantless entry to make an arrest, the prohibition does not apply when consent is given by an individual with authority over the premises. *Illinois v. Rodriguez,* 497 U.S. 177, 181 (1990); *United States v. Matlock,* 415 U.S. 164, 171-172 (1974); *Schneckloth v. Bustamonte,* 412 U.S. 218, 222 (1973).

In the suppression hearing context, the Fourth Circuit in *United States v. Buckner,* 473 F.3d 551, 553-554 (4th Cir. 2007), defined the authority and the burden of proof required to prove the validity of a consensual search as follows:

> [The] [g]overnment bears the burden of establishing, by a preponderance of the evidence, that it obtained valid consent to search. *See United States v. Block,* 590 F.2d 535, 539 (4th Cir. 1978).
>
> [And] consent to search is valid if it is (1) "knowing and

11

voluntary," *Trulock v. Freeh*, 275 F.3d 391, 401 (4th Cir. 2001) (citing *United States v. Mendenhall*, 446 U.S. 544, 557 (1980), and (2) given by one with authority to consent, *Trulock*, 275 F.3d at 402-03 (citing *Stoner v. California*, 376 U.S. 483 (1964)).

By this standard, Mrs. Switzer clearly had authority to consent to Sgt. Dean's entry into the premises. She had "common authority" over the premises, and she had control of the premises. *United States v. Matlock*, 415 U.S. at 171. Her possession and use of the premises and Sgt. Dean's stated reason for coming to the residence made it eminently "reasonable" for Sgt. Dean to recognize that Mrs. Switzer had the right to permit his entry. *Id.*; *see Terry v. Ohio*, 392 U.S. 1, 21-22 (1968). Moreover, the record reflects that the plaintiff was asleep when Sgt. Dean arrived, and registered no objection to his wife's consent. *See Georgia v. Randolph*, 547 U.S. 103 (2006). Additionally, the record contains no evidence that Mrs. Switzer as part of the threshold colloquy expressed any objection or refusal to consent to Sgt. Dean's entry. *See United States v. Penney* 576 F.3d 297, 309 (6th Cir. 2009).

To argue, as the plaintiff does, that Sgt. Dean was "not invite[d] in" by Mrs. Switzer is a quibble. An invitation is a social or business request; it is a solicitation for another to enter upon, remain in, or make use of, his or her property. In contrast, consent is a voluntary yielding, a giving of assent, allowing, or acquiescing. Black's Law Dictionary 377 (4th ed. 1957); Webster's Seventh New Collegiate Dictionary 177 (1963). And that consent is voluntary if it is not the "product of duress or coercion, express or implied." *Schneckloth v. Bustamonte*, 412 U.S. 218, 227 (1973).

12

As Sgt. Dean's undisputed evidence demonstrates, he knocked and identified himself, and Mrs. Switzer voluntarily permitted his entry. There is no claim by the plaintiff or suggestion in the record that Sgt. Dean exceeded the scope of that entry. *See United States v. Stinson*, 2012 U.S. App. LEXIS 4144, *7 (4th Cir. 2012). Therefore, the defendant's entry was fully consensual and exempt from the Fourth Amendment's warrant requirement. *See Illinois v. Rodriguez*, 497 U.S. 177, 181 (1990).

### C. Exigent Circumstances

The record equally supports Sgt. Dean's alternative reliance on exigent circumstances [2] which permitted his lawful warrantless entry. As the Supreme Court expressly recognized in *Georgia v. Randolph*, 547 U.S. 103, 117-119 (2006), "domestic abuse is a serious problem in the United States," and no question can be "[reasonably] raised . . . about the authority of police to enter a dwelling to protect a residence from domestic violence, so long as they have good reason to believe such a threat exists . . . ." Therefore, even if the absence of a consensual entry is assumed *arguendo*, Sgt. Dean lawfully and pursuant to exigent circumstances entered the premises to determine whether the plaintiff's minor step-son was the subject of violence or the threat of violence.

---

[2] An "exception" to the warrant requirement is made for 'exigent circumstances' or situations in which the inevitable delay incident to obtaining a warrant must give way to an urgent need for immediate action. *McClish v. Nugent*, 483 F.3d 1231, 1240 (11th Cir. 2007) (internal quote marks omitted), *Montanez v. Sharoh*, 444 Fed. Appx.484, 488 (2d Cir. 2011) (exigent circumstances may justify a warrantless entry).

13

## IV. Proposed Findings

As supplemented by the above summary and analysis, the undersigned now submits the following formal findings, conclusions and recommendations:

1. The plaintiff had no subjective expectation of privacy in the premises at the time of Sgt. Dean's entry on November 7, 2007:

2. Any assumed expectation of privacy that the plaintiff may have had at the time of Sgt. Dean's entry was not a privacy interest that society is willing to recognize as reasonable;

3. The defendant entered the premises with householder consent;

4. Exigent circumstances permitted the defendant's warrantless entry of the premises;

5. The defendant had probable cause to place the plaintiff under arrest for commission of a misdemeanor in is presence;

6. On the facts, the plaintiff has failed to demonstrate a cognizable violation of his right to privacy or other Fourth Amendment protection;

7. The plaintiff has demonstrated no facts that might affect the outcome of the case and would allow a reasonable jury to return a verdict in his favor;

8. All justifiable inferences have been drawn in the plaintiff's favor;

9. The plaintiff has demonstrated no basis in fact to support his demand for preliminary or permanent injunctive relief; and

10. Pursuant to Rule 56(a) the defendant has shown that there is no genuine dispute as to any material fact and that he is entitled to judgment in his favor as a matter of law

## V. Recommended Disposition

Based on the above-stated reasons, it is recommended that the defendant's motion for summary judgment be **GRANTED**, the plaintiff's motion for summary judgment be **DENIED**, the plaintiff's complaint be **DISMISSED WITH PREJUDICE**, and this matter be **STRICKEN**

14

from the court's docket. The plaintiff's motion to modify the scheduling order is rendered **MOOT** by virtue of this report and recommendation.

VI. **Notice to the Parties**

Both sides are reminded that pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, they are entitled to note objections, if any they may have, to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned to which an objection is not specifically made within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1) as to factual recitals or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objections.

DATED: this 10th day of July 2012.

*s/ James G. Welsh*
U.S. Magistrate Judge

Case 5:11-cv-00021-MFU-JGW   Document 92   Filed 07/10/12   Page 15 of 15   Pageid#: 471