CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
AUG 10 2012
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| THOMAS L. SWITZER, | ) |
| Plaintiff, | ) Civil Action No. 5:11cv00021 |
| v. | ) |
| TOWN OF STANLEY, et. al., | ) By: Michael F. Urbanski |
| | ) United States District Judge |
| Defendants. | ) |

## ORDER

By Order dated February 14, 2012, this matter was referred to the Honorable James G. Welsh, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1), for proposed findings of fact and a recommended disposition. The Magistrate Judge held a hearing on April 25, 2012, and filed a report and recommendation on July 10, 2012, recommending that defendant Sergeant Dean's ("defendant") Motion for Summary Judgment (Dkt. # 68) be granted, that plaintiff's Motion for Summary Judgment (Dkt. # 91) be denied, that plaintiff's Motion to Modify the Scheduling Order (Dkt. # 87) be denied as moot, and that plaintiff's complaint be dismissed with prejudice and this matter be stricken from the active docket of the court.

Plaintiff filed an objection to the report and recommendation (Dkt. #s 94 and 95), entitled "Renewed Motion for Summary Judgment," on July 18, 2012, in which plaintiff provides a lengthy memorandum detailing his general objection to the Magistrate Judge's report and recommendation and reasserting his arguments in support of his motion for summary judgment. Defendant has filed a response (Dkt. # 97) to plaintiff's objection, urging the court to deny plaintiff's objection on the grounds that plaintiff failed to file specific written objections to the findings of fact and conclusions of law recommended in the report and recommendation, as required by Federal Rule of Civil Procedure 72(b) and § 636(b)(1), and because the recommended findings of fact and conclusions of law are not in clear error.

In response, plaintiff has filed a Motion for Rehearing (Dkt. # 98), in which he requests a hearing pursuant to Federal Rule of Civil Procedure 72(b)(3), the provision regarding the district court's resolution of objections to a report and recommendation, or, in the alternative, leave to file amended objections. Plaintiff argues that his objections to the report and recommendation are "specific enough to bring Judge Welsh's errors to the court's attention," that the objections "refer to specific portions of Judge Welsh's recommendations and explain why [he] believes that [Judge Welsh] erred in every recommendation he made," and that his "objections applied to all aspects of Judge Welsh's recommendations . . . ." Motion for Rehearing, Dkt. # 98, p. 1-2, ¶¶ (5) and (6). Plaintiff has also filed a Motion to Strike (Dkt. # 99), seeking to strike or suppress the affidavits and references to the affidavits of Mark and Evan Brust that are attached as exhibits to defendant's motion for summary judgment.

When objecting to recommended findings of fact and conclusions of law, a party must comply with the requirements of § 636(b)(1) and Rule 72(b). Section 636(b)(1) provides that a "party may serve and file written objections" to a magistrate judge's proposed findings and recommendations and that the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Rule 72(b) further states that "a party may serve and file specific written objections to the proposed findings and recommendations" and that the district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(2).

If a party does not file specific written objections to a proposed finding of fact or conclusion of law, then the party is deemed to have waived it right to appellate review of that particular finding of fact or conclusion of law by the district court. United States v. Midgett, 478 F.3d 616, 621 (4th Cir. 2007). This "general waiver rule" is also applicable to general objections to a report and recommendation as a whole. Id. Section 636(b)(1) is intended "to have

2

objections focus on specific issues, not the report as a whole," and it "does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only '*those portions* of the report or specified proposed findings or recommendations *to which objection is made*.'" Id. (quoting § 636(b)(1)) (emphasis in original). Thus, in order "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." Id. at 622.

> To conclude otherwise would defeat the purpose of requiring objections. We would be permitting a party to appeal any issue that was before the magistrate judge, regardless of the nature and scope of objections made to the magistrate judge's report. Either the district court would then have to review every issue in the magistrate judge's proposed findings and recommendations or courts of appeals would be required to review issues that the district court never considered. In either case, judicial resources would be wasted and the district court's effectiveness based on help from magistrate judges would be undermined.

Id. Accordingly, "[g]eneral objections that merely reiterate arguments presented to the magistrate judge lack the specificity required under Rule 72, and have the same effect as a failure to object, or as a waiver of such objection." Moon v. BWX Techs., Inc., 742 F. Supp. 2d 827, 828 (W.D. Va. 2010).

In this case, the court finds that plaintiff's objection to the Magistrate Judge's recommended findings of fact and conclusions of law is nothing more than a general objection to the report and recommendation as a whole, rather than specific and particularized objections as required by Rule 72(b) and § 636(b)(1). Plaintiff's objection is entitled "Renewed Motion for Summary Judgment," and the lengthy memorandum simply reiterates his arguments in support of summary judgment, an issue already before the Magistrate Judge and included in the report and recommendation. Therefore, this generalized objection has the same effect as a failure to object, and plaintiff is deemed to have waived his objection to the report and recommendation.

3

Additionally, the court finds that plaintiff has failed to provide a sufficient legal or factual basis to warrant leave to file amended objections, relying mostly on his status as a pro se litigant. Plaintiff was given an adequate opportunity to object to the report and recommendation, and while pro se pleadings are generally construed liberally, the court finds that a liberal reading of plaintiff's objection still fails to comply with the requirements and intent of Rule 72(b) and § 636(b)(1). Finally, the court finds that, given the unacceptable generalized nature of plaintiff's objection, a hearing is not necessary in order to adequately review the Magistrate Judge's proposed findings of fact and conclusions of law.

Having considered plaintiff's objections, and upon review of the record, the court is of the opinion that the report and recommendation should be adopted in its entirety. Plaintiff has brought a Fourth Amendment claim against defendant, asserting that defendant entered into plaintiff's family residence without consent, without a warrant, without exigent circumstances, and for the purpose of effecting a routine misdemeanor arrest of plaintiff, thus violating plaintiff's Fourth Amendment rights. The crux of this claim is plaintiff's contention that he had a reasonable expectation of privacy in the family residence, which defendant violated. However, at the time of plaintiff's arrest, plaintiff had been legally excluded from the family residence pursuant to the express terms of a state-court protective order and thus was illegally and wrongfully in the residence. As such, he had no reasonable expectation of privacy in the family residence. Even if he were theoretically able to demonstrate a cognizable expectation of privacy in the premises, this expectation would be contrary to the state's strong interest in issuing protective orders to protect children from abuse, an interest that outweighs any potential privacy interest of plaintiff in the residence. Moreover, while the Fourth Amendment generally prohibits warrantless entry to make an arrest, the prohibition does not apply when consent to enter is given by a person with authority over the premises. Plaintiff's wife had authority to consent to defendant's entry into the family residence, and the record clearly reflects that she validly gave

4

such consent, without objection from plaintiff, who was asleep when defendant entered the home. Finally, given the domestic abuse situation in the residence, evidenced by the protective order against plaintiff, defendant's warrantless entry into the family residence is supported by the Fourth Amendment's exception for exigent circumstances. These findings of fact and conclusions of law were made by the Magistrate Judge after briefing by the parties, a hearing in open court, and a careful review of the record and the applicable law, and the court finds that the report and recommendation is supported by the facts and the law and is not in clear error.

Accordingly, it is **ORDERED** and **ADJUDGED** that defendant's **Motion for Summary Judgment (Dkt. # 68)** is GRANTED, plaintiff's **Motion for Summary Judgment (Dkt. # 91)** and **Motion for Rehearing (Dkt. # 98)** are DENIED, and plaintiff's complaint is **DISMISSED WITH PREJUDICE** and this matter is **STRICKEN** from the active docket of the court. It is further **ORDERED** that plaintiff's **Motion to Modify the Scheduling Order (Dkt. # 87)** and **Motion to Strike (Dkt. # 99)** are DENIED AS MOOT.

The Clerk is directed to send a certified copy of this Order to plaintiff and to counsel of record.

Entered: August 10, 2012

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge