CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

NOV 19 2012

JULIA C. DUDLEY, CLERK
BY:
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| **THOMAS SWITZER,** | ) |
| **Plaintiff,** | ) Civil Action No.: 5:11cv021 |
| v. | ) |
| **TOWN OF STANLEY, et. al.,** | ) By: Hon. Michael F. Urbanski |
| | ) United States District Judge |
| **Defendant.** | ) |

## MEMORANDUM OPINION

Before the court is Plaintiff Thomas Switzer's Motion for Transcript seeking payment of transcripts at the government's expense.[1] (Dkt. No. 124.) In the motion, plaintiff notes that he is proceeding in forma pauperis. Pursuant to Fed. R. App. P. 24(a)(3), plaintiff need not seek prior approval to proceed in forma pauperis if he was permitted to proceed in forma pauperis in the district court action unless the district court certifies that the appeal is not taken in good faith. See Fed. R. Civ. P. 24(a)(3)(A).

"In the absence of some evident improper motive, the applicant's good faith is established by the presentation of any issue that is not plainly frivolous." Ellis v. United States, 356 U.S. 674, 674 (1958). Frivolous appeals lack "an arguable basis either in law or in fact." See Neitzke v. Williams, 490 U.S. 319, 325 (1989). In other words, an appeal is not frivolous if it involves legal issues arguable on their merits. Id.; see also Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994).

---

[1] Pursuant to 28 U.S.C. § 1915(c)(2), upon a finding that plaintiff is proceeding in forma pauperis, the court may direct payment by the United States of the expenses of "printing the record on appeal. . . , if such printing is required by the appellate court."

Plaintiff's primary claim is that his Fourth Amendment right was violated when defendant entered his home without a warrant. On August 10, 2012, the court held that plaintiff's Fourth Amendment rights were not violated primarily because plaintiff had been legally excluded from the family residence pursuant to a state-court protective order. Therefore, at the time of the arrest, plaintiff was illegally and wrongfully in the residence in violation of said order and had no reasonable expectation of privacy in the family residence. (Dkt. No. 100.) Additionally, the court noted that even if plaintiff could establish a cognizable expectation of privacy in the premises, his Fourth Amendment rights were not violated because (1) given the domestic abuse situation in the home, evidenced by the protective order against plaintiff, defendant's warrantless entry into the family residence is supported by the Fourth Amendment's exception for exigent circumstances and (2) plaintiff's wife, having the authority to consent to entry into the family home, clearly gave her valid consent to defendant.

Plaintiff appeals this court's order denying several post-judgment motions filed by plaintiff that the court construed as motions for reconsideration pursuant to Fed. R. Civ. P 59(e) and 60(b). (Dkt. No. 119.) In these post-judgment motions, plaintiff sought to offer new evidence from his wife and stepson that allegedly contradicted evidence that the Magistrate Judge relied upon when making his report and recommendation. Particularly, plaintiff argued that his stepson's statements contained in the March 15, 2012 affidavit were made under duress, because defense counsel pressured his stepson to sign the affidavit. The order denying the post-judgment motions noted, however, that plaintiff produced only one affidavit from his stepson which did nothing more than confirm the existence of a state-court protective order. The new affidavit from the stepson does not suggest that his prior affidavit was coerced and otherwise fails to undermine the legal conclusion that plaintiff had no reasonable expectation of privacy in

2

his family residence. There is simply no issue of law left for resolution on appeal and therefore, plaintiff's appeal is frivolous. Accordingly, the court finds that the appeal should not be certified as taken in good faith, and plaintiff's Motion for Transcript be denied.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to plaintiff.

Entered: November 19, 2012

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge

3